**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROYCE BROWN, Inmate #03724-015,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) CIVIL NO. 06-518-JPG |
| | ) |
| **BUREAU OF PRISONS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Currently pending before the Court is Plaintiff's Motion to Correct Error (Doc. 5), in which Plaintiff requests an order of abeyance, a stay, or a dismissal without prejudice in the action so that he might complete exhaustion of his administrative remedies. An abeyance or stay would not cure the defect in Plaintiff's failure to exhaust, as a Plaintiff must exhaust all administrative remedies prior to filing suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). Thus, the court construes this motion as a request for voluntary dismissal pursuant to action pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Voluntary withdrawal of his complaint is Plaintiff's right, and, accordingly, this action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's filing another case with the same claims after he has exhausted his available administrative remedies.

IT IS SO ORDERED.

Dated:  July 27, 2006

 s/ J. Phil Gilbert
 U. S. District Judge