# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROYCE BROWN, Inmate #03724-015,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 06-518-JPG |
| **BUREAU OF PRISONS,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff filed this action on June 28, 2006, claiming violations of his civil rights by persons acting under color of federal authority. Plaintiff sought to proceed under both *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, 2671-2680.

On July 5, 2006, Plaintiff filed a "Motion to Correct Error," asking the Court for additional time to complete exhaustion of his administrative remedies. Finding that a stay or abeyance in the action would not cure the defect in Plaintiff's complaint because a Plaintiff must fully exhaust prior to filing suit, the Court construed the motion as one to voluntarily dismiss the case, and entered judgment dismissing the action without prejudice (Docs. 9, 10).

Currently pending before the Court is Plaintiff's "Motion to Sever Dismissal" (Doc. 12), in which he seeks to have the case reopened as to the Federal Tort Claim. Given the current disposition of the case, the Court construes this motion as one challenging the dismissal of the action.

A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The

Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on July 27, 2006, and Plaintiff states that he mailed the motion on August 1, 2006, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the entire action without prejudice so that Plaintiff could exhaust his administrative remedies was correct because Plaintiff must exhaust all of his remedies prior to filing a suit under the Federal Tort Claims Act. Therefore, the instant motion is **DENIED**.

Plaintiff is advised that although federal prisoners may bring suit against the United States under the FTCA for injuries they sustain while incarcerated, *see Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003), they must first present the claim to the federal agency responsible for the

injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court.

**IT IS SO ORDERED.**

**Dated: February 5, 2007**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**